UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-130 (DWF/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Robert Andrew Gozola, | |
| Defendant. | |

___

Thomas Calhoun-Lopez, Assistant United States Attorney, for the Government.
Manny K. Atwal, Assistant Federal Defender, for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 13, 2012, on Defendant's Motion to Suppress Evidence Obtained As a Result of Search and Seizure (ECF No. 13). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's Motion to Suppress Evidence Obtained As a Result of Search and Seizure (ECF No. 13) be **DENIED**.

### I. FINDINGS OF FACT

Defendant Robert Andrew Gozola was indicted and charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(b)(2) and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1). (Indictment, ECF No. 1.) Defendant's Motion to Suppress Evidence Obtained As a Result of Search and Seizure challenges a state search warrant for Defendant's Bloomington, Minnesota residence.

(Gov't Ex. 1.) Defendant contends that the search warrant should be suppressed pursuant to Federal Rule of Criminal Procedure 12 because the warrant was issued without a sufficient showing of probable cause in the supporting affidavit.

The search warrant in question was requested by Minneapolis Police Officer Dale Hanson. *Id.* Officer Hanson was assigned to the Minneapolis Crime Lab unit as a computer forensic examiner/investigator, and was also assigned as a Task Force Officer with the Minnesota FBI Cybercrime Unit. *Id.*

The warrant sought authorization to search Defendant's residence on Valentine Terrace in Bloomington for property and things including: computer systems; data contained on hard drives or removable media that may show the distribution of child pornography; contents of volatile memory related to computers and other digital communication devices; computer software or hardware related to the sharing of Internet access over wired or wireless networks; media in whatever form; papers and effects that tend to show the possession or distribution of child pornography or the online enticement of children; items containing passwords; proof of residency and documentation relating to the Internet; digital camera equipment; any depiction of a minor engaged in actual or simulated sexual conduct; and any evidence related to the sexual exploitation of children. *Id.*

Officer Hanson's supporting affidavit recites the following facts in support of the issuance of a search warrant. The first three and a half pages of the affidavit are devoted to a description of how peer to peer networks can be used share files over the internet, including digital files of child pornography. *Id.* The description also includes an explanation of how these activities are typically investigated and the fact that collectors of child pornography often maintain their collections on

computers in digital or electronic formats. *Id.* Officer Hanson explains that in general a peer to peer network allows the user to set up files on a computer to be shared with other users of the network, and allows users to conduct a keyword search of files being shared on the network. *Id.* Users can download files available on the network, but this process does not remove the files from the original computer sharing the file. *Id.*

Officer Hanson explains that each file shared on the network is processed by a hash algorithm, which results in a unique identifier for the file known as a "hash value" or "digital signature." *Id.* This hash value can identify identical files with a certainty "exceeding 99.99 percent," regardless of the name given to the file by a user. *Id.* Officer Hanson states that investigators who identify child pornography shared on a peer to peer network can document the hash value of the file. *Id.* Investigators can then identify other files on the network with identical hash values as an identical copy of the previously viewed child pornography, without downloading the files. *Id.*

Officer Hanson then describes the investigation resulting in the search warrant at issue in this case. He states that between August 17, 2011 and January 6, 2012, he utilized an Undercover Investigative Software ("UIS") to download files of child pornography from a host computer at a specific IP address. *Id.* Officer Hanson explains that the UIS is designed to connect to a host computer running peer to peer software, to download files that have been predetermined to be child pornography, and to keep a log of the host IP address, the connection time, unique user ID, username, and host software. *Id.* Utilizing the UIS, a connection was made with a host computer at IP address 50.12.231.27. Officer Hanson states that between October 4, 2011 and January 7, 2012, approximately 61 files that had previously "been identified by [Internet Crimes Against

3

Children Task Force] investigators as child pornography in their jurisdiction" were available for download from the host computer. *Id.*

Between October 4, 2011 and January 6, 2012, the UIS was able to download eleven files from the host computer. *Id.* Officer Hanson reviewed the eleven downloaded files, and states that he was able to identify all of the files as child pornography within the meaning of Minn. Stat. §617.247, based on his training and experience. *Id.* Officer Hanson describes the eleven downloaded files as follows:

1. File Name: Bibcam - Bibcam - Father And Son Practising (255).mpg

   This file is a video that is 1:31 in length. The video shows an adult male being anal penetrated by a boy who appears to be approximately 12-14 years old. It then changes to the boy being anal (sic) penetrated by the adult's fingers. He then proceeds to have anal sex with the boy; later two boys around the same age perform oral sex on an adult male's penis.

2. File Name: Bibcam - 10Yo Boy & 8Yo Boy Masturbating.avi

   This file is a video that is 14 minutes and 37 seconds in length. The video shows three nude prepubescent males on a bed looking at what appears to be pornographic magazines. The three males masturbate while the camera zooms in on their genitals.

3. File Name: Bibcam - 10Yo Boy Cumming Kf08 Preteen-Pedo 9-11-12-13Y0.avi

   This file is a video that runs for 5 minutes and 3 seconds. The video shows a semi nude masturbating on a couch. The male appears to be 14-16 years old.

4. File Name: Bibcam - 14Yo Boy With 8Yo Brother In Bed (8 Min).avi

   This file is a video that is approximately 7 minutes and 44 seconds in length. The video begins with a male child, approximately 13 years of age, seated at a computer with his penis exposed. The video then shows another male child, approximately 8 years of age. The older male child grabs the hand of the younger male child and makes him touch his erect penis. The older male child

then attempts to force the younger male child's head toward his lap. The older male child then moves to a bed where he performs oral sex on the younger male child, who then masturbates the older male child.

5. File Name: Webcam - Family Of 4 - Preteen Orgy.avi

   This file is a video that runs for 16 minutes and 24 seconds. It appears to be a webcam screen capture. In the video are what appears to be two nude prepubescent children (male/female) simulating intercourse. A nude adult female can also be seen in the video. Later in the video the adult female is performing fellatio on the prepubescent male while an adult male is in the background.

6. File Name: P101 Stevie & Dad have fun.mpg

   This file is a video that runs for 1 minute and 6 seconds. It shows a nude prepubescent male bound to a bed by his wrists. An adult male is touching the boy's penis. The young male then is seen performing fellatio on the adult male while he touches the boy's anus.

7. File Name: Pthc - It's a Strippoker Preteen Boys Orgy!! It's Realy Good.mpg

   This file is video that runs for 23 minutes and 27 seconds. It shows a nude prepubescent male on a couch looking at pictures. The camera focuses on the boy's erect penis.

8. Young Gay Boy 5Yo 6Yo 7Yo 8Yo 9Yo 012-Preteen Pedo Boys.jpg

   This file is a digital image of what appears to be one prepubescent male performing oral sex on a nude prepubescent male.

9. File Name: Bibcam-Cute.Chubby.11Yo.Boy.-.Fast.Cummer!.avi

   This file is a video that runs for 6 minutes and 32 seconds. It shows a prepubescent male masturbating in front of a web camera.

10. File Name: 11Yo Boy Is Blowed Untill Powerful Orgasm (Pthc Babyj Hussyfan Kleuterkutje Cbaby R@Ygold Kinderkutje Valya Babyshivid Childlover Nablot).avi

    This file is a 2 minute 46 second video showing an adult male performing fellatio on a nude prepubescent male who is lying on a bed.

11. File Name: Little 8Yo Preteen Boy Sucks 9Yo Friend As They Both Jack Daddy - Kdv Rizmasta Rizmastar Pjk Rbv Pthc Pedo Kiddy R@Ygold Cp Boys Preteens92).jpg

This file is a digital picture showing a prepubescent male, wearing only jeans, performing fellatio on a nude prepubescent male that appears older than the first boy. The older boy is touching the penis of the adult male taking the picture.

*Id.*[1]

The host computer was reported to be geolocated in Minneapolis. *Id.* Law enforcement sent two administrative subpoenas to internet service provider Clearwire for the IP address 50.12.231.27. Clearwire reported that the subscriber was Robert Gozola, located at the address on Valentine Terrace in Bloomington, Minnesota for which the warrant was sought. *Id.* Officer Hanson confirmed that Robert Gozola had the address on Valentine Terrace listed on his driver's license. Officer Hanson also checked the Predatory Offender Database and determined that Robert Gozola was "a level 2 sex offender for a CSC offense with his 8 year old nephew," whose registration ended on October 6, 2003. *Id.*

Based upon the foregoing, State District Court Judge Lynn C. Olson signed the search warrant on January 17, 2012. *Id.*

## II.   DISCUSSION

### A.   The Probable Cause Standard for Issuance of Search Warrants

Under well-established Fourth Amendment jurisprudence, a valid search warrant must be supported by an affidavit providing the magistrate with a substantial basis for determining the existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v.*

---

[1] Officer Hanson notes that Files 1, 2, 3, 5, and 7 were downloaded only in part. He identifies the descriptions of those files as "Incomplete File Descriptions."

*Gates*, 462 U.S. 213, 236-39 (1983).  Probable cause is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.  "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.  In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id.* at 239.  Veracity, reliability, and basis of knowledge are "highly relevant" in determining whether a supporting affidavit establishes probable cause.  *Alabama v. White*, 496 U.S. 325, 328 (1990).  Further, boilerplate language concerning previous investigations serves no purpose toward establishing probable cause and must be disregarded.  *Ybarra v. Illinois*, 444 U.S. 85, 90 (1979) (search must be supported by probable cause particularized to defendant); *see also United States v. Weber*, 923 F.2d 1338, 1345-46 (9th Cir. 1991)(boilerplate statements "may have added fat to the affidavit, but certainly no muscle").

      **B.**      **The Affidavit in Support of the Search Warrant Sets Forth Facts Establishing Probable Cause To Believe Evidence Of a Crime Would Be Found At Defendant's Residence**

Defendant argues that the search warrant affidavit failed to establish probable cause to search his residence.  (ECF No. 13.)  The Court concludes that, given the totality of the circumstances described in the affidavit in support of the search warrant, probable cause existed to support the issuance of the search warrant for Defendant's residence.

As an initial matter, the first two pages of the affidavit are padded with a lengthy description of how Internet distribution of child pornography works and how "typical" computer investigations

of child pornography proceed. The Court concludes that this portion of the affidavit is not sufficiently particularized to the Defendant and must be disregarded.

The remaining portion of the affidavit, describing the specific investigation into the IP address associated with Defendant, contains sufficient information to support a finding of probable cause. First, the affidavit clearly establishes, through the subscriber information from Clearwire, the connection between the Defendant and the IP address and host computer from which the files were downloaded.

Officer Hanson then provides a detailed description of the downloaded files, which provides the court with a substantial basis for determining that the files constituted child pornography under Minn. Stat. § 617.247, and that probable cause therefore existed to believe that evidence of wrongdoing would be found on Defendant's computer. Officer Hanson describes thirteen children appearing in the downloaded videos and pictures as prepubescent. He describes other children as approximately 8 years old, approximately 12 to 14 years old, approximately 13 years old, and approximately 14 to 16 years old. Officer Hanson's description of the children depicted in the videos and pictures, particularly the description of multiple children as prepubescent, provides evidence tending to show that the persons in the videos were in fact under eighteen years of age and that the Defendant knew the persons were under eighteen. All of the videos and pictures, as described by Officer Hanson, involve the children engaged in sexual conduct as defined in Minn. Stat. § 617.246. For these reasons, the Court concludes that the officer's application here meets the requirements of the Fourth Amendment and is sufficient to support a finding of probable cause.

## IV.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence Obtained As a Result of Search and Seizure  (ECF No. 13) be **DENIED**.


DATED: July 10, 2012                                    *s/ Franklin L. Noel*
                                                                           FRANKLIN L. NOEL
                                                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 24, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 24, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.